# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARL HILLSBERG,**

      **Petitioner,**

  v.          Case No. 15-CV-968

**RODNEY KREITZMAN,**

      **Respondent.**

## DECISION AND ORDER

  Earl Hillsberg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hillsberg is in federal custody and argues that he must be released because, after being arrested on May 5, 2015, for an alleged violation of his federal parole, he had not received a parole revocation hearing as of August 10, 2015. (ECF No. 1.)

  The petition was initially assigned to Chief Judge William C. Griesbach, who screened the petition. (ECF No. 6.) Judge Griesbach noted that there was no longer a fixed deadline by which a revocation hearing must be held. (ECF No. 6 at 2 (citing *Bryant v. Grinner*, 563 F.2d 871, 871–72 (7th Cir. 1977)).) Rather, a revocation hearing must be held within a reasonable time. (ECF No. 6 at 2 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).) Nonetheless, because he could not conclude that the petition was

clearly without merit, Judge Griesbach ordered the respondent to answer the petition. (ECF No. 6.) All parties subsequently consented to the full jurisdiction of a magistrate judge and the matter was reassigned to this court. (ECF Nos. 3, 10, 13.)

The respondent responded to the petition and requested that the court dismiss the petition. (ECF No. 16.) The respondent notes that, after Hillsberg filed the present petition, "he waived any right to a revocation hearing and accepted an agreed-upon revocation sentence." Therefore, the respondent contends, Hillsberg's petition is moot. (ECF No. 16 at 2-3.)

The court agrees. Ordinarily, if a parolee is not afforded a prompt hearing the remedy is for the court to order a hearing. *See Galvan v. Hurley*, 1996 U.S. App. LEXIS 30001, 2 (7th Cir. Nov. 14, 1996) (unpublished). Because Hillsberg consented to revocation, any request for a hearing is now moot. *See, e.g., Bailey v. United States Parole Comm'n*, 1993 U.S. Dist. LEXIS 12758, 5 (N.D. Ill. Sept. 13, 1993). Only if the delay was so unreasonably long as to violate due process might habeas relief be appropriate. *See Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir. 1982); *see also DeSalis v. Jenkins*, 1986 U.S. Dist. LEXIS 23325 (N.D. Ill. July 1, 1986) ("Delay in and of itself does rise to the level of constitutional deprivation.") (citing *Bryant v. Grinner*, 563 F.2d 871 (7th Cir. 1977); *Sutherland v. McCall*, 709 F.2d 730 (D.C. Cir. 1983)).

The delay between Hillsberg's May 19, 2015 arrest and his eventual acceptance of the revocation proposal on September 3, 2015, was not per se prejudicial. *See Vactor v.*

*United States Parole Comm'n*, 815 F. Supp. 2d 81, 83 (D.D.C. 2011); *see also Sutherland*, 709 F.2d at 732 (finding that 33-month delay in obtaining a revocation hearing did not create a presumption of prejudice); *cf. Hanahan*, 693 F.2d at 634 (finding delay of four months not per se unreasonable). Therefore, to obtain habeas relief, Hillsberg must show that he suffered actual prejudice as a result of the delay. *Sutherland*, 709 F.2d at 732. He has made no showing of prejudice. Consequently, Hillsberg is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that Hillsberg's petition for a writ of habeas corpus is denied and this action dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of November, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge